IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARION DIXON, Inmate #R28930, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 05-054-MJR |
| | ) | |
| JOHN EVANS, A. FEINERMAN, and C/O | ) | |
| PYRON, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, a former inmate in the Pinkneyville Correctional Center,[1] brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> COUNT 1:     Against Defendant Pyron for unconstitutional use of excessive force.
>
> COUNT 2:     Against unspecified defendants for violations of due process in a disciplinary

---

[1]Plaintiff was released from Illinois Department of Corrections custody in April 2005 and currently resides in Sandersville, Georgia.

proceeding.

**COUNT 3:**    Against Defendants Evans and Feinerman for conspiring to "cover up" Defendant Pyron's use of excessive force.

This case is now before the Court for a preliminary review of the complaint pursuant to 28

U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of

this complaint are legally frivolous and thus subject to summary dismissal.

### FACTUAL ALLEGATIONS

Even though presented on the Court's form, Plaintiff's complaint does not include a statement

of facts describing the actions taken by defendants in violation of Plaintiff's constitutional rights.

Instead, Plaintiff filed with the complaint copies of a grievance, a letter to prison internal affairs, a

disciplinary ticket, and an adjustment committee report.  From these documents, the Court has gleaned

the following.  On September 1, 2004, a kitchen worker serving food trays to inmates in their cells

dropped a tray just outside and under Plaintiff's cell door.  Plaintiff asked Sergeant Owens (not a

defendant) to send someone to clean up the mess, but he ignored the request.  Later, Defendant Pyron

came to the unit to close the chuck hole doors.  Plaintiff placed his arm in the chuck hole in his cell door, preventing it from closing, so that he could ask Defendant Pyron to clean up the mess.  Plaintiff ignored the request and told Plaintiff to remove his arm from the chuck hole door.  Plaintiff refused and requested to speak to a Lieutenant.  Defendant Pyron then grabbed Plaintiff's arm and began to kick the chuck hole flap with his foot while Plaintiff's arm was still in it.  He kicked the flap four times, causing cuts and bruises to Plaintiff's arm.  Plaintiff states that he was in so much pain that he was unable to remove his arm from the flap.

Later, Lieutenant Balsano (not a defendant) came to the cell.  Plaintiff told him that he wanted someone to clean up the food and showed Lieutenant Balsano the injuries inflicted by Defendant Pyron.  Plaintiff told Lieutenant Balsano that he would not remove his arm from the chuck hole until received medical treatment.  About an hour later Lieutenant Balsano returned to the cell with Major Pickering (not a defendant), but Plaintiff still refused to remove his arm until he received medical attention.  Eventually, Warden Evans came to the cell, spoke with Plaintiff, and  summoned a doctor to examine Plaintiff's arm.  The unnamed doctor (the Court believes that Plaintiff was examined by Defendant Feinerman) determined that the cuts and bruises on Plaintiff's arm could not have been caused by the chuck hole flap.   Plaintiff then removed his arm.

Lieutenant Balsano wrote Plaintiff a disciplinary ticket, charging him with intimidation or threats (Lieutenant Balsano reported that Plaintiff stated, "when I get out of the cell I'm going to hurt your staff"), disobeying a direct order, and unauthorized movement.  During a disciplinary hearing in which witnesses were called, Plaintiff pleaded guilty to leaving his arm in the chuck hole, but stated, "I did not say I was going to hurt anyone."  Plaintiff was found guilty of intimidation or threats and disobeying a direct order.  He was disciplined with three months segregation and a three month

demotion to c-grade.

Plaintiff states that Defendants Evans and Feinerman, and Lt. Balsano, Major Pickering, the unnamed Assistant Warden of Security, and the unnamed Legal Advisor worked together to "cover up" the fact that Defendant Pyron assaulted Plaintiff.

### COUNT 1

The Court finds that Plaintiff has sufficiently stated a claim of unconstitutional excessive force by Defendant Pyron. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001). Based on these legal standards and Plaintiff's allegations, Count 1 cannot be dismissed from the action at this point in the litigation.

### COUNT 2

Plaintiff argues that there was no basis for charging him with disciplinary infractions because

the allegations contained in the charges were untrue.  The Court construes that argument as a claim

that he was denied due process in the disciplinary proceeding.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must

show that the state deprived him of a constitutionally protected interest in "life, liberty, or property"

without due process of law.  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due

process liberty interest in being in the general prison population only if the conditions of his or her

confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison

life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The Seventh Circuit Court of Appeals has adopted

an extremely stringent interpretation of *Sandin*.  In this Circuit, a prisoner in disciplinary segregation

at a state prison has a liberty interest in remaining in the general prison population only if the

conditions under which he or she is confined are substantially more restrictive than administrative

segregation at the most secure prison in that state.  *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir.

1997).  If the inmate is housed at the most restrictive prison in the state, he or she must show that

disciplinary segregation there is substantially more restrictive than administrative segregation at that

prison. *Id.*  In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate

disciplinary confinements has become vanishingly small." *Id.*  Indeed, "when the entire sanction is

confinement in disciplinary segregation for a period that does not exceed the remaining term of the

prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit

complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for three

months.  Nothing in the complaint or exhibits suggests that the conditions that he had to endure while

in disciplinary segregation were substantially more restrictive than administrative segregation in the

most secure prison in the State of Illinois.  Plaintiff was also demoted to c-grade for three months.

There is no protected liberty interest in demotion to c-grade status.  *See, e.g., Thomas v. Ramos,* 130

F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein).  Accordingly, Plaintiff has not stated a

viable due process claim; Count 2 is **DISMISSED** from the action with prejudice.  See 28 U.S.C. §

1915A.

**COUNT 3**

Plaintiff claims that the warden (Defendant Evans), the doctor (Defendant Feinerman), and four

other prison officials not named as defendants (Lieutenant Balsano, Major Pickering, the unnamed

Assistant Warden of Security, and the unnamed Legal Advisor) conspired to cover up Defendant

Pyron's assault of Plaintiff.

Civil conspiracy claims are cognizable under section 1983.  *See Lewis v. Washington*, 300 F.3d

829, 831 (7th Cir. 2002) (recognizing conspiracy claim under section 1983).  "[I]t is enough in pleading

a conspiracy to indicate the parties, general purpose, and approximate date."  *Walker v. Thompson*, 288

F.3d 1005, 1007-08 (7th Cir. 2002).  *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003);

*Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002).  Based on these standards and Plaintiff's

allegations, Count 3 cannot be dismissed at this point in the litigation.

**DISPOSITION**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of

Service of Summons) and Form 1B (Waiver of Service of Summons) for ***Defendants Evans,***

***Feinerman, and Pyron***.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff,

and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of

Civil Procedure, to serve process on *Defendants Evans, Feinerman, and Pyron* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if

required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 5th day of September, 2006.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**