IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARION DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:05-cv-54-MJR |
| | ) | |
| JOHN EVANS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss for Lack of Prosecution (Doc. 21), filed by Defendant Feinerman on April 25, 2007, the Motion to Dismiss for Lack of Prosecution (Doc. 24), filed by Defendants Evans and Pyron on May 30, 2007. For the reasons set forth below, it is **RECOMMENDED** that both motions be **GRANTED**, that this matter be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Plaintiff, a former inmate at the Pinkneyville Correctional Center in Pinkneyville, Illinois, filed this lawsuit on January 27, 2005, alleging Defendant Piron used excessive force and that Defendants Eveans and Feinerman conspired to cover up Defendant Pyron's use of excessive force, both in violation of Plaintiff's constitutional rights.

Defendants were served with process and, thereafter, filed a timely answer. On March 13, 2007, this Court entered a Scheduling Order (Doc. 20), which granted Defendants leave to

depose Plaintiff on the condition that prior arrangements be made with the warden at the institution where plaintiff is confined.

That same order further stated, "Plaintiff is to advise the Court and opposing counsel of any changes in his mailing address within 7 days of the address change," and, "Failure to do so will result in sanctions which may include dismissal." (Doc. 20).  On May 25, 2005, Plaintiff informed the Court that his address had changed due to his release from prison.

On April 25, 2007, Defendant Feinerman filed a Motion to Dismiss for Failure to Prosecute (Doc. 21), alleging that Plaintiff's claims should be dismissed for his failure to attend a deposition Defendants scheduled for March 29, 2007, in the Office of the Attorney General in Springfield, Illinois.  In support, Defendants state that notice of this deposition was sent to Plaintiff at 7027 Highway 242, Sandersville, Georgia 31082, the address on file with the Court, on March 15, 2007, but that Plaintiff failed to attend.  Defendants further allege that Plaintiff has failed to contact them regarding the deposition and that they are unable to contact Plaintiff by phone as there is no phone number contained in Plaintiff's most recent change of address. Plaintiff has failed to respond to the motion.

On May 30, 2007, Defendants Evans and Pyron filed a separate Motion to Dismiss for Failure to Prosecute (Doc. 24), also alleging that Plaintiff's claims should be dismissed for his failure to attend a deposition Defendants scheduled for March 29, 2007, in the Office of the Attorney General in Springfield, Illinois.  In support, Defendants also state that notice of this deposition was sent to Plaintiff at 7027 Highway 242, Sandersville, Georgia 31082, the address on file with the Court, on March 15, 2007, via first class mail, but that Plaintiff failed to attend. Defendants further allege that Plaintiff has failed to contact them regarding the deposition and

2

that they are unable to contact Plaintiff by phone as there is no phone number contained in

Plaintiff's most recent change of address.  Plaintiff has failed to respond to the motion.

In response to Defendant's motion, the Court, on May 31, 2007, issued an Order to Show

Cause (Doc. 25) directing Plaintiff respond by July 2, 2007, as to why this matter should not be

dismissed for want of prosecution.  The Order to Show Cause further advised Plaintiff that

"Failure to respond to this order may and shall result in a report and recommendation

recommending this case be dismissed with prejudice." (Doc. 25)  This order was mailed to

Plaintiff at his address of record on June 4, 2007, and to date Plaintiff has failed to respond to the

the Order to Show Cause, or either of the Motions to Dismiss for Failure to Prosecute.

### CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 41(b) provides that, upon motion, a court may dismiss an

action for failure to prosecute and for failure to comply with court orders.  It is clear in this case

that Plaintiff is not actively prosecuting this lawsuit.  Specifically, Plaintiff failed to attend his

deposition that was scheduled for March 29, 2007, or provide any explanation for the failure to

do so.  Plaintiff has failed to respond to the defendants' motions to dismiss and, likewise, has

failed to respond to this Court's Show Cause Order, which specifically warned Plaintiff that

failure to would result a recommendation that his case be dismissed with prejudice.

In light of his neglect of the case and the Court's specific warning that the action is in

jeopardy of being dismissed, dismissal for want of prosecution is appropriate at this time.

Daniels v. Brennan, 887 F.2d 783, 787 (7th Cir. 1989) ("The power of federal judges to dismiss

for want of prosecution is based in part on the necessity to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the District Courts.");

Matter of Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir. 1995).  Plaintiff has offered no excuse for the failure to prosecute and has failed to respond to this Court's orders.

CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that each of the Motions to Dismiss (Docs. 21 and 24) be **GRANTED**, that this matter be **DISMISSED** for want of prosecution, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 6, 2007**

s/ <em>Donald G. Wilkerson</em>

**DONALD G. WILKERSON**
**United States Magistrate Judge**